

# United States District Court
## NORTHERN DISTRICT OF ILLINOIS
### 219 SOUTH DEARBORN STREET
### CHICAGO, ILLINOIS 60604

**THOMAS G. BRUTON**
**CLERK**

312-435-6860

August 24, 2021

Mack H. Reed
Madel PA
800 Hennepin Avenue
800 Pence Building
Minneapolis, MN 55403
mreed@madellaw.com

Christopher Scott Griesmeyer
Greiman, Rome & Griesmeyer, LLC
205 West Randolph St.
Suite 2300
Chicago, IL 60606
cgriesmeyer@grglegal.com

Adam Scott Guetzow
Hinshaw & Culbertson LLP
151 N. Franklin Street
Suite 2500
Chicago, IL 60606
aguetzow@hinshawlaw.com

David Alfini
Hinshaw & Culbertson LLP
151 N. Franklin Street
Suite 2500
Chicago, IL 60606
dalfini@hinshawlaw.com

Elliot S. Richardson
Korey Richardson LLC
20 South Clark Street
Suite 500
Chicago, IL 60603
erichardson@koreyrichardsonlaw.com

Amy Jo Hoffman
Korey Richardson LLC
20 S. Clark Street
Suite 500
Chicago, IL 60603
ahoffman@koreyrichardsonlaw.com

Bradley W.R. Gould
600 N. McClurg Ct.
Apt 4104A
Chicago, IL 60611

Daniel J Stoller
Korey Richardson LLC
20 S. Clark Street
Suite 500
Chicago, IL 60603
dstoller@koreyrichardsonlaw.com

Steven H. Jesser
Attorney at Law, P.C.
2700 Patriot Boulevard
Suite 250
Glenview, IL 60026-8021
shj@sjesser.com

**In re:** Wells Fargo Advisors, LLC v. Know Your Options, LLC d/b/a RCM Wealth Advisors et al., Case No. 15 CV 4648

Dear Counsel:

It has been brought to my attention that Judge James Zagel, who presided over the above-mentioned case and is now retired, may have owned stock in Wells Fargo. We have no reason to believe that his ownership of stock affected or impacted his decisions in this case. However, his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A]judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek, and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision. Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to this disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before August 31, 2021. Any response will be considered by another judge of this court without the participation of Judge Zagel.

Sincerely,

*Thomas G. Bruton*
Clerk of Court